

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

**EBONY E. RICKENBACKER,**

Plaintiff,

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, d/b/a PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS,**

Defendant.

Case No.: AAQ 2 6 CV 0 0 1 7 7

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Jury Trial:  Yes    No

Plaintiff Ebony E. Rickenbacker ("Plaintiff"), proceeding pro se, alleges as follows against Defendant Prince George's County Public Schools ("PGCPS" or "Defendant"):

## I. PARTIES

1. **The Plaintiff(s):**

   Ebony E. Rickenbacker
   207 Chickaloon Place
   Indian Head, MD 20640

   **The Defendant(s):**

   Board of Education of Prince George's County, doing business as Prince George's County Public Schools ("PGCPS")
   14201 School Lane
   Upper Marlboro, MD 20772

## II. BASIS FOR JURISDICTION AND VENUE

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in Prince George's County, Maryland.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) because the matters in controversy arise under federal laws providing for the protection of civil rights, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family and Medical Leave Act.

6. Plaintiff does not assert any state-law or County Code claims at this time. Accordingly, this action is limited to federal causes of action arising under Title VII, the Americans with Disabilities Act, and the Family and Medical Leave Act.

7. This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202

## IV. FACTUAL ALLEGATIONS

8. Plaintiff has been employed by PGCPS since August 2007. She began her employment as a secretary and, at all times relevant, served as a Community School Coordinator ("CSC").

9. Plaintiff consistently performed her duties satisfactorily and received recognition for her performance.

10. As a CSC, Plaintiff's responsibilities included implementing mandatory community school programs, coordinating partnerships, managing the Community School budget, advising school leadership, and communicating independently with parents, staff, and community partners.

A. Interference With Job Duties and Heightened Scrutiny

11. Beginning in or around December 2024 and escalating through January 2025, Defendant, through school administration, subjected Plaintiff to heightened scrutiny, restrictive directives, and interference with her assigned duties that were not imposed on similarly situated employees.

12. Plaintiff was restricted from communicating with parents and staff without prior approval, despite such communications being a core function of her CSC role, and despite other administrators not being subject to the same requirement.

13. Plaintiff was repeatedly prevented from carrying out required community school initiatives through inconsistent directives, denial of staff assistance, withholding

of necessary resources, and unilateral administrative decisions that undermined Plaintiff's authority and ability to meet program requirements.

## B. Exclusion, Undermining of Authority, and Retaliatory Escalation

14. Plaintiff was excluded from meetings and decisions directly related to her role, including decisions concerning program implementation, budgeting, and collaboration with community partners, even though Plaintiff was responsible for those functions.

15. In or around September 2024, Plaintiff raised concerns to management and union representatives regarding her treatment and the increasingly hostile and obstructive work environment.

16. Following Plaintiff's protected complaints, Defendant escalated adverse actions against Plaintiff, including increasing restrictions on her duties, interfering with budgetary processes for which Plaintiff was accountable, and further excluding Plaintiff from communications essential to her position.

## C. Sex-Based Harassment Concerns and Failure to Protect

17. On November 18, 2024, Defendant required Plaintiff to work with an individual who had previously sexually harassed Plaintiff, despite Plaintiff's express objections and requests for alternative arrangements. Plaintiff reported her concerns to school administration within the same timeframe, and no corrective action or alternative assignment was implemented, thereby exacerbating the hostile work environment.

## D. Medical Impact and FMLA Leave

18. As a result of Defendant's conduct, Plaintiff experienced significant work-related stress that exacerbated her medical condition.

19. Plaintiff developed serious health conditions, including anxiety, depression, and post-traumatic stress disorder (PTSD), and is currently under the care of licensed medical professionals, including a psychiatrist and a psychologist.

20. In or around November 2024, Plaintiff requested and was approved for leave under the Family and Medical Leave Act ("FMLA").

21. While Plaintiff was on approved FMLA leave, Defendant interfered with Plaintiff's rights by barring her from the workplace without prior notice or written policy, and by disseminating information regarding Plaintiff's leave status and anticipated return-to-work date before formal approval was provided to Plaintiff. Upon information and belief, similarly situated employees who took medical or FMLA leave were not subjected to comparable restrictions or disclosures. Plaintiff has

been an employee of PGCPS since 2017 and had not previously experienced this type of mishandling of confidential information.

22. Defendant's actions, taken together, materially altered the terms and conditions of Plaintiff's employment and would dissuade a reasonable employee from engaging in protected activity.

## V. CLAIMS FOR RELIEF

## COUNT I

### Title VII – Sex Discrimination

23. Plaintiff incorporates by reference all preceding paragraphs.
24. Plaintiff was subjected to disparate treatment and a hostile work environment because of her sex.
25. Defendant's conduct violated Title VII.

## COUNT II

### Title VII – Retaliation

26. Plaintiff engaged in protected activity by complaining about discrimination and hostile working conditions.
27. Defendant subjected Plaintiff to materially adverse actions after and because of her protected activity.
28. Defendant's actions violated Title VII's anti-retaliation provisions.

## COUNT III

### Americans with Disabilities Act (ADA)

29. Plaintiff incorporates by reference all preceding paragraphs.
30. Plaintiff is an individual with a disability within the meaning of the ADA.
31. Defendant discriminated against Plaintiff on the basis of disability and failed to refrain from discriminatory conduct.
32. Defendant's conduct violated the ADA.

## COUNT IV

### Family and Medical Leave Act (FMLA)

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Plaintiff was an eligible employee under the FMLA, and Defendant is a covered employer.
35. Plaintiff requested and was approved for FMLA leave due to serious health conditions.
36. Defendant interfered with and retaliated against Plaintiff for exercising her FMLA rights.
37. Defendant's conduct violated the FMLA.

## III. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

38. In or around March 2025, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Prince George's County Public Schools alleging discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964.
39. On or about October 4, 2025, pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-304, Plaintiff served timely Notices of Claim upon the County Attorney for Prince George's County, providing notice of her claims arising out of the discrimination and hostile work environment she was forced to endure.
40. On November 19, 2025 the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter (Issued on Request).
41. By letter dated November 2025, the County Attorney for Prince George's County advised Plaintiff that Prince George's County was not responsible for matters concerning the Board of Education of Prince George's County.
42. Plaintiff has exhausted all administrative prerequisites to filing this action, or such prerequisites have otherwise been satisfied or are inapplicable.

## VI. DAMAGES

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress, loss of income and benefits, and other compensatory damages.
44. Plaintiff seeks all available damages under applicable law, including liquidated damages under the FMLA.

## VII. JURY DEMAND

45. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff on all counts;
2. Award compensatory damages, including damages for emotional distress;
3. Award liquidated damages as permitted under the FMLA;
4. Award costs and reasonable attorneys' fees where permitted by law;
5. Grant injunctive and equitable relief as appropriate; and
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Ebony E. Rickenbacker**
Plaintiff, Pro Se
207 Chickaloon Place
Indian Head, MD 20640
240-691-6056
ebonyrickenbacker207@gmail.com
Date: _January 16, 2026_